The first matter to be heard is U.S. v. James Tunstall. We're here because the sentencing proceeding wasn't fair. It wasn't fair to Mr. Tunstall and the district court. The district court didn't have fair opportunity to consider the factors required for the departure it applied. And I do mean departure. I'll get to that later. In doing so, the public was deprived of a fair proceeding, too. Mr. Tunstall respectfully asked this panel to remand this back to the district court for a fair, focused adversarial resolution to sentencing issues, which here should have included the analysis of factors expressed in Guidelines Section 5K2.1. This case involves the tragic and unfortunate death from a fatal drug overdose of a young Long Island man. This proceeding in no way seeks to minimize that tragedy. This appeal does, however, is, however, about the unfairness that occurred during the sentencing proceeding without Burns' notice that imposed first a 240-month sentence and then a 360-month concurrent sentence on Mr. Tunstall for Mr. Tunstall's conduct related to that tragic death. Mr. Tunstall's argument... Counsel, didn't Judge Asrak say that this was not a departure or I don't know if she used those words, but she specifically said it was a variance and the government asked for a variance, which doesn't come into play. She doesn't then have to consider the factors under the guideline that you made reference to. That is the cornerstone of our argument here today, Your Honor. And I think that the authority in Reed and Keller is that the language itself isn't conclusive or dispositive. And that's why I think this action should be subject to plenary review today because if you look at the totality of everything, it's what... it's everything that happened that suggests that this should receive... that this was, in fact, a departure, not a variance. And I know that the judge did say she was applying 3553A factors. And I know that in there... and that the prosecution says that they're asking for a variance. And in their brief, the prosecution also refers to this sentence as a varied sentence. And I know that that's the language that was used in this. But what I think is more determinative here is the critical fact that the judge relies on the death. And once that happens, the analysis turns to 5K2.1. What authority do you have that supports that proposition? The authority in Reed and Keller, which says the language is not determinative. And I think the flip side of the same coin, and while the language in those cases says that calling it a variance doesn't... calling it a departure doesn't mean it's a departure because those terms are often used interchangeably, that's the language in that. The flip side of the coin has to be true. Calling it a variance doesn't mean it's a variance in the same way calling it a departure doesn't mean it's a departure. Those terms are used interchangeably. So what makes it a departure?  Was this objection preserved or were we hearing it on the plain air? It was, I mean, the whole, this sentencing, everything's been an objection about the sentence. You know, the most articulated... That's not how we work. You can't just simply say that everything is about an objection. Did you, was the objection lodged below that this was an improper sentence because it was a departure and it was styled as a variance? We objected to the total of the sentence, the total sentence imposed. And the most articulated, the most specific reference to the objection is, and it's in the record and referred to on page five of our brief, we said so obviously defendant still maintains his position with regard to what happened at the fatical hearing, but the court has made its decision. We're trying to get some repose to the district court so that we can move on. But the issue about the sentence and the application of the death to the court's sentencing determination is that critical detail that turns this from a variance to a 5K 2.1 analysis. I'm asking you something that from my point of view is somewhat, I hear what you're saying, but it's somewhat simple. I'm simply asking you whether this objection was preserved. That's the clearest preservation that we made other than the implied objections. Well, implied objections don't get it. I looked at the record and I couldn't find an objection that this was a departure and not a variance, and consequently the sentence was improper because of that reason. It wasn't until the sentence was imposed and the judge made her findings that it was based on the death. Were you trial counsel? Yes, co-counsel. So what did you say? Well, we filed objections to the pre-sentence report and there was litigation about the sentencing, but there wasn't any. When the court imposed the sentence and made her findings in support, including basing the sentence on 3553A factors and then the part that's important to us and the review I hope this court will consider, the death, that critical part, at that point we didn't raise our hands and say, hey, now that you're turning to the death judge, this needs 5K 2.1 analysis. So you're correct, Your Honor. Your Honor, if I understand you correctly, you were saying that our perusal of the record as a whole would indicate or indicate to us or somebody that you preserve this objection. Is that right? I'm sorry, I didn't. From what I gather from your remarks, your position is that a perusal of the record as a whole would lead someone or us to the conclusion that the issue that you're now pressing on us was preserved below. There was nothing specific about it at the time the sentence was imposed, correct? Okay. Nonetheless, that is the determined finding. We were in the courtroom, the court made the decision, issued the findings verbally as we sat in court and said that it was based on the death. And now when we're researching the brief and things that seem to have contributed to this escalating of the sentence, that death detail is what turned this from a variance to a departure, the flip side of the same authority in Reed and Keller. Assume arguendo that this is on plain error. Do you think you prevail on plain error? Yes. Why? I think the relief we're asking is for a remand so that we can go back to the district court and have a briefing and analysis on those 5K2.1 factors. There was a hearing about this, though, correct? There was a sentence in proceeding. It didn't include a briefing or analysis of those factors. Both sentences were legal sentences, were they not? I mean, but for the absence of the. In the sense that the 240 months and the 360 months, I think it was, on the two counts were authorized by the law. Correct. And the court imposed a sentence, to be clear, that was lower than what probation was recommending, right? You know, once he went to trial on the second count, it posed a sentence that was lower than what probation was recommending and lower than what the government was seeking, correct? Yes, though part of our argument is that the sentence and recommendation was tainted on the second sentence, was tainted by the kind of jumping off point set by the first sentence, which occurred without the analysis. But you succeeded in part of that, right? The court did not impose 480 months, 240 and 240 consecutive, but imposed a lower sentence, correct, 360, and not what the government was also asking for. That's true, but without the analysis, I can't say that the initial 240 was correct. I mean, I don't know. I don't think there's any way to know. And I'm not saying whether, you know, as much as I think that this sentence, in the grand scheme of things, seems a little harsh, and I know we argue that, and there is, you know, as part of our argument, I think that there is a procedural issue here that affected a substantive issue on the harshness of this sentence. I think that without the analysis, we can't say whether 240 months on the first count was appropriate. We can't say so that we don't know if that was an appropriate starting point when it came time to sentence on the second one. And we just can't know. Counsel, had there not been a count one and you were just dealing with count two, your client received a sentence at the very lower end of, considering the sentence imposed overall, at the very lower end of the sentence that he would have been exposed to just on count two, correct? The statutory minimum on count two is 240 months, and he received a 360-month sentence. I thought it was 360 months. The statutory, the low end of the guidelines for count two, wasn't that 360 months, or am I incorrect? I think the mandatory statutory minimum was 240. That's the statutory minimum. I'm talking about the guideline range. The guideline range for count two was 360 months. So even if you had not had count one, the defendant was sentenced to what would have been, cumulatively, what would have been the lower end of the guideline range of count two, correct? I apologize. I don't recall the exact guideline count on that. I focused my attention on the guidelines count on the first one because I feel the first, the jumping off point on the first one. But I appreciate the court's question. I think you're correct. And finally, can you tell us why you believe this was a departure and not a variance? I think the authority in Reed and Keller, again, suggests the terminology is not dispositive. And I think that the magnitude of the difference in that sentence on count one, which is nearly 150 percent from the guidelines range, which was 95 months to 115 months, the court imposed a statutory maximum of 240. I think a totality of those facts, that is one detail. But the major detail is once the judge turns to the death, that's what makes it into a 5K2.1 analysis based on the authority in Irizarry and Stewart. The departure is a non-guideline sentence imposed under the framework of the guidelines. The guidelines framework for dealing with a death-related crime is expressed in 5K2.1. Would your argument have been as strong if you had, if your client had not gone to trial on the second count and been convicted of that? Judge, I appreciate that you're calling my argument strong. Thank you. I don't know how it would change things. I think that in, you know, if we were only talking. Because if you've been only charged with count one, are you suggesting the court should not take into consideration the fact that he's charged with a count in engaging in conduct and pleads guilty to conduct that the court, after a hearing, finds results in the death of someone? I think that if there was no count two charged or there was no trial, if we just take count one in a vacuum and he pled on that and we were proceeding with sentencing on that, I think once the court turns its sentencing decision on the death, it still requires 5K2.1 analysis. And I can't say whether or not that would change the court's sentencing decision. Because your response to Judge Parker's questions, unless I'm misinterpreting, is it becomes a departure because it's such a higher sentence. It's on the, you know, higher end versus the lower end. And it seems to be tied to the second count. That's, you know, I should have answered that question in a different order. The main reason is the death. What I would like to, what I'm suggesting is the court view the totality of it and include the 150 percent difference from the guidelines range. That's a piece in the puzzle. But the main thing that I think turns this from a variance to a departure is the court's reliance on the death. And because the death and analyzing a death is expressed in the framework of the guidelines, that's what makes it a departure according to Irizarry and Stewart. Thank you. Thank you, counsel. You have reserved your three minutes for rebuttal even though we gave you extra time on your direction. Thank you. Thank you very much. Good morning, Your Honors, and may it please the court. My name is Samantha Alessi. I'm an assistant United States attorney in the Eastern District, New York, and I handled the trial proceedings below. This court should affirm the defendant's sentence. Despite the somewhat unusual procedural posture, the trial court did not abuse its discretion in sentencing the defendant. The court properly applied a variance when sentencing the defendant to an above guidelines range after he pled guilty to count one of the indictment without a plea agreement. Then, following his conviction at trial on account of the issue that we're in, the government's view was this issue that we're considering preserved. Your Honor, I believe that the issue was not specifically observed. Preserved. Preserved. I'm sorry, not specifically preserved. Counsel below never raised this issue of the 5K policy statement in sentencing submissions before either proceeding. At either proceeding, the court was never given an opportunity to address that issue when it was raised by counsel. So the government's position is that it is unpreserved, requiring plain error analysis, but that even under the somewhat less deferential abuse of discretion standard, if the court were to consider it preserved, that Judge Azarek's decision would still not be an abuse of discretion. On what basis would we consider it preserved? Only by the fact that the parties sentencing submissions and at the proceedings that the death was discussed. However, it is the government's position that it was not preserved. My point is simply that even if the error were preserved under an abuse of discretion standard, that this would still not be an abuse of discretion. I have a question which didn't come up in your opponent's argument. In fact, I don't believe they raised it. But it is a question that I have for you. In reading the transcript, when the court on sentencing on count two, so he pleads guilty to count one, he goes to trial on count two. Once he's convicted on count two, at that sentencing, his attorney makes a pitch for the same sentence. Give me another 240 months to run concurrent. Yes, Your Honor. So basically no additional time. Yes. And the court says, no, I think the sentence warrants additional time and gave two reasons. The second reason was that he lied. He chose to take the stand. It's his right to testify, and he lied, and the court laid out the factual basis. That's not the area I want to ask you about. But the first reason was that he chose to go to trial and put the family of the victim through this ordeal of having to go to trial and testify. I kept reading it. It felt like a tax penalty, like a penalty for exercising the right to go to trial. I know it wasn't raised, and I know you're going to tell me it was waived. But could you explain to me, I don't know if you thought about that, whether am I wrong in reading it that way? Am I being too sensitive in reading it that way? Your Honor, my response to your question would be that we have to consider that at the first sentencing proceeding on count one, and that was only on count one because of the defendant's own election to plead guilty to that one count. At that point, although considering the death, after a hearing on the death and finding by a preponderance of the evidence that the government had proven that the defendant's conduct caused that death, the court and the government were limited by the upper level of the statutory maximum for count one, which was 240 months. As the government indicated in its later sentencing submission and when standing up at the sentencing proceeding on count two, that is never the sentence that the government intended to ask for on the conduct as a whole. And I think it's important to realize that the court may have believed even at the first sentencing that that 240 months was insufficient to fully capture the defendant's conduct. And I'm not suggesting the government was suggesting a penalty for going to trial because the government's argument to the court at sentencing was to this day, the family's here. He still denies responsibility for providing the drugs to the victim that caused his death. And so the government's argument focused on that and sort of the that he shouldn't get credit for not, you know, more closer to it, sort of acceptance, lack of acceptance of any responsibility, lack of, you know, continuing to lie on the stand under oath. But then the court said you put the family through this. And so I'm wondering, is that your honor? I think if it was perhaps inartfully worded to suggest that it was a punishment for going to trial and putting the government to its proof, I think the court can view it more so that at the initial sentencing proceeding, although the court had presided over that fatico hearing, the court had not fully heard from or seen the impact on the victim's family because there was no testimony at that fatico hearing from the victim's family. After the trial, the court who had presided over the matter from its inception had sat through the testimony of the victim's mother, which described in explicit detail what happened on the night that she found her son dead from this overdose. So I don't think it was a punishment for proceeding to trial and having that victim's parent come in and have to testify, but simply a recognition of new facts that were in the record, which was understanding the impact that this had on the victim and the victim's family. In short, your position is that after the trial, the trial judge knew more than she did before and took that more into consideration when fashioning a sentence? You've worded it much better and more concisely than I have, your honor. That's exactly the government's position, yes. Thank you. And I appreciate your response because I know this was not an issue that was raised or briefed. It's just something that struck me when I was reading the transcript of the sentencing itself. So I appreciate you on the spot responding to the questions. Thank you, your honor. If the court has no further questions, I'll rest on the government's written submission. Seeing none, thank you, counsel. Thank you, your honors. Thank you. Attorney Rossi, take your time, but you do have three minutes for rebuttal that you elected. Thank you. Thank you for this additional time. There was a lot of discussion from the respondent and between the respondent and the court about the considered our duty to raise this 5K to one in the form of an objection. I think that the point of Byrne's notice is that once the court is considering using the death as a basis to depart, the notice has to come to the defendant, not from the defendant. What notice has to go? Notice to depart, the Byrne's notice. Wasn't that in the PSR? No. The notice in the PSR, and I'm glad you asked that, your honor. The notice in the PSR is for a departure pursuant to 4A1.3, not 5K2.1. And 4A1.3 is about criminal history. But it was a departure based on the death. The departure that occurred was about the death. In the PSR, wasn't the suggestion, whether it was under criminal history or something else, that the Senate should be greater because of the death? There is a discussion where the recommendation is 240 months because of the death. Which would have been an upward departure. It's in the paragraph, kind of the explanatory paragraph from the probation officer. It's not in the section that says reasons warranting departure. And then the section about warranting departure only refers to 4A1.3 instead of That didn't come as a shock to you that the judge was going to consider the fact that it had been a part of a FATICO hearing that death resulted as a result of your client's action. That didn't come as a shock to you, correct? Well, it did that it was that large of a role because it was already part of an adjustment in the guidelines calculation. So the fact that the judge departed and departed so much was a shock because the guidelines calculation has the base offense level and then the adjustments, which already included an adjustment for the death. So it was a bit of a shock. But it was a legal sentence, correct? Again, it was within the statutory limits, yes. Right, and I don't understand how any sentencing person who was around those proceedings could possibly have believed that in an account that charges death in connection with a drug transaction, the judge would not take into consideration death if it had been proved. Because it was already accounted for in the guidelines calculation. And then the departure that was discussed was about his criminal history, which I admit is an important part of this sentence calculation. I understand that. And I think that the part that's missing is that without the 5K2.1 analysis, without the opportunity to be noticed fairly on that and argue it, it deprived us of due process. So if the court isn't reviewing this in plenary review, it's plain error review. And I urge the court to consider this under that. I think I urge the court to grant us the relief under a different standard of review because we didn't have the opportunity to be noticed fairly and argue fairly those 5K2.1 factors. Thank you. All right. Are there any further questions from the court? Seeing none, thank you. Thank you to both sides for your well-argued case. And the court will reserve judgment on this matter. The next case and the last case for oral argument today. Thank you. Let me get a bonus pen.